UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-014 (MJD/LIB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **Discovery Declaration and** |
| | ) | **Outline of Pre-Trial Motions** |
| v. | ) | |
| | ) | |
| RALPH EDWARD CLOUD, JR., | ) | |
| | ) | |
| Defendant. | ) | |

Ralph Cloud is the sole defendant in a one-count indictment charging him with second degree murder of A.J.S. on the Red Lake Indian Reservation on September 12, 2020, in violation of 18 U.S.C. §§ 1111, 1151, and 1153(a).  Through counsel, he respectfully offers the following declaration concerning the status of discovery in this case and outline of the pre-trial motions that will be filed.[1]

**1. Discovery Outline**

Counsel received access to a collection of discovery materials on January 19, 2021, relating to the prosecution's motion for his pretrial detention, and to another collection on February 1, 2021, that includes and supplements the previous disclosures as directed by the schedule specified by the Court at Mr. Cloud's arraignment.  (ECF 18, 19).  The second production consists of 1.47 GB of data, spread over 183 files.  This

---

[1] This submission is intended as a review of the discovery provided to date and of the discovery and suppression motions filed along with it, and not as a means of avoiding reciprocal discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure.  Counsel seeks discovery of all materials to which the defense is entitled under any and all laws, rules and regulations, and do not object to the motions for reciprocal discovery that are now routinely offered by the government.

production contains reports, other documents, pictures, and audio files.

Searches

The discovery produced to date identifies numerous searches, some under the purported authority of search warrants, others not.   Search warrants were obtained on:

- September 13, 2020 (Beverly Smith Residence)
- October 9, 2020 (Facebook data)
- October 9, 2020 (cell phone)

In addition, warrantless searches were conducted of the Beverly Smith residence and of Mr. Cloud's home and person, including the collection of DNA evidence from him, on September 13, 2020.   It is alleged that the searches of and seizures from Mr. Cloud, which happened in a setting dominated by federal and tribal law enforcement personnel, were consensual.

Statements

The records produced in this collection contain evidence of statements to law enforcement that are attributed to Mr. Cloud on September 13, 2020.   An additional written statement is attributed to him.

Eyewitness Identifications

The disclosures produced to date contain no indication that eyewitness identification procedures were performed in the investigation that led to the charges in this case.

Meet and Confer

Counsel and AUSAs communicated on and before the date of this declaration, among other things to discuss the status of the investigation and disclosures, the evidence the prosecution will seek to introduce, and the dispositive evidentiary challenges the defense will be making, all pursuant to and in accordance with L.R. 12.1.  Pursuant to that rule, counsel identified the evidence that will be subject to challenge and the nature of the challenges that will be brought.

2. **Discovery Motions**

Although it is impossible to know about a process from which we are excluded, the discovery contains no obvious omissions under Rule 16 of the Federal Rules of Criminal Procedure.  Further, the Court ordered the prosecution to make all disclosures required by Rule 16(a) of the Federal Rules of Criminal Procedure by February 1, 2021, at Mr. Cloud's Arraignment.  (ECF 18, 19).  Accordingly, a generic, Rule 16 discovery motion will not be filed.

It is often the government's practice to disclose Rule 16 (a)(1)(G) information concerning experts and expert testimony long after the court-ordered discovery deadline. To avoid any need for continuances and to address Rule 16's provision that its protections, including those appearing at 16(a)(1)(G), apply "upon request", a motion seeking this information and a deadline for its production in the near future is offered.  In similar spirit, and in light of decisions holding that if you don't ask, you can't complain

3

about not getting any, we have filed a motion seeking access to all exculpatory material.

As outlined above, the discovery reflects a number of statements to law enforcement personnel that are attributed to Mr. Cloud, under custodial circumstances. Accordingly, a motion seeking access to all records of any statements attributed to him will be filed.

It does not appear that informants or law enforcement electronic surveillance technologies were involved in the investigation that led to the charges against Mr. Cloud. However, informant input is not uncommon in cases such as this.   We therefore offer a motion seeking discovery of informant information.

Finally, we move for the establishment of deadlines on the near future for the disclosure of any evidence the prosecution may seek to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence, and all Jencks Act materials that will become discoverable at trial.

### 3. Dispositive Motions

Motions challenging the legality of the searches and statements outlined above will be offered.

Statements

As noted above, the disclosures received to date reflect that statements to law enforcement personnel are attributed to Mr. Cloud on several separate occasions.   The circumstances indicate that he was in custody when the statements attributed to him were

obtained.   The documentation reflects that questioning and statements happened before any advice of rights process was attempted.   The government has the burden of establishing that a viable advice of rights process was observed.   Accordingly, a motion seeking the suppression of these statements, as involuntary and as the result of custodial interrogation without the benefit of effective advice of rights procedures, putting the prosecution to its burden of demonstrating the legality of these interrogations and the admissibility of these statements, is filed along with this declaration.

    Because the statements happened under custodial circumstances, Counsel anticipates that this motion will require testimony.

    Searches

    As detailed above, warranted and warrantless searches were conducted during the investigation that led to the charges in this case.   Accordingly, motions challenging the sufficiency of the search warrants and the legality of the warrantless searches will be offered.

    Because several of the searches happened without a search warrant, Counsel anticipates that the motion to suppress the results of searches and seizures will require testimony.

    If it later becomes clear that additional interrogations or searches and seizures subject to Constitutional or other legal challenge were performed, we will seek leave of the Court to reopen these proceedings so that the underlying issues can be addressed.

Dated: February 15, 2021	Respectfully submitted,

*s/ Andrew H. Mohring*
ANDREW H. MOHRING
Attorney ID No. 190731
Office of the Federal Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5858